**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVELYN PATRICIA CACERES-DE PINEDA; A. S. P.-C., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-7470 <br><br> Agency Nos. <br> A215-651-755 <br> A215-651-757 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2025[**]
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Evelyn Caceres-De Pineda is a native and citizen of El Salvador.

She appeals an order of the Board of Immigration Appeals (BIA) upholding the

decision of an immigration judge (IJ) denying her and her minor child's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  *See* 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. §§ 1208.16(c)–1208.18.  Because the parties are familiar with the facts, procedural history, and arguments underlying this appeal, we do not detail them here.  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny the petition.

We "review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision."  *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020)).  Where the BIA's "phrasing seems in part to suggest that it did conduct an independent review of the record" but its analysis "is confined to a 'simple statement of a conclusion,' we 'also look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.'"  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000)).  We review the BIA's denial of relief for substantial evidence, meaning we "must uphold the agency determination unless the evidence compels a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.  The agency's conclusion that Caceres-De Pineda failed to establish eligibility for asylum was supported by substantial evidence.  An asylum applicant "has the burden of establishing that (1) his treatment rises to the level of

persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010); 8 U.S.C. § 1101(a)(42)(A).

In evaluating the first element of the asylum analysis, the agency must assess the "cumulative effect of all the incidents that a Petitioner has suffered" to determine if they collectively rise to the level of persecution. *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (quoting *Gormley v. Ashcroft*, 364 F.3d 1172, 1176–77 (9th Cir. 2004)). Persecution is an "extreme concept" that typically goes beyond receiving threats and must be particularized to the applicant. *Duran-Rodriguez*, 918 F.3d at 1028 (citation omitted).

Caceres-De Pineda argues that the BIA should have remanded her claims because the IJ failed to evaluate her alleged past instances of harm cumulatively. She also argues that the BIA deprived her of due process by citing precedential cases without analysis of her past harm. And Caceres-De Pineda argues that she established past persecution.

Caceres-De Pineda's first contention fails because the BIA did not engage in improper fact-finding when it decided that, cumulatively, the instances of harm she described do not rise to the level of persecution. Caceres-De Pineda's reliance on *Ridore v. Holder* is misplaced because there the BIA erroneously reviewed the IJ's

fact-finding de novo. 696 F.3d 907, 911 (9th Cir. 2012). In the instant case, the BIA recognized the IJ had used an improper legal standard, so it applied the proper cumulative effects legal standard to the facts already established by the IJ. *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (requiring BIA to conduct cumulative effects analysis). As to Caceres-De Pineda's second argument, while it is true that the agency's analysis was not detailed, its approach did not fail to meet at least a "minimum degree of clarity in dispositive reasoning" such that it constituted an abuse of discretion or deprivation of due process. *Cf. Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010) (holding agency erred where IJ failed to make any finding on disputed issue and BIA merely "surmised" that IJ had made such a finding), *superseded by statute on other grounds as stated in Ming Dai v. Sessions*, 884 F.3d 858, 868 n.8 (9th Cir. 2018). The BIA's citations made clear its ruling that the threats Petitioner received were, alone, insufficient to rise to the level of persecution because those incidents involved isolated threats or generalized violence. Without more—such as an "ongoing pattern of serious mistreatment" or physical harm to herself or her children—the incidents did not constitute past persecution. *See Sharma*, 9 F.4th at 1061. The cases the BIA cited support its determination that Caceres-De Pineda failed to establish past persecution.

Caceres-De Pineda's asylum claim also fails because she did not establish membership in a particular social group (PSG) or a nexus to a protected ground. A "particular social group" must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014)). Social distinction is based on "the perspective of the society in question," not "the perspective of persecutors." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (internal quotation omitted). An applicant for asylum must show that the persecution was motivated by their membership in the PSG. *Id.*

The agency reasonably concluded that Caceres-De Pineda's proposed PSG, "A Person Who Knows the Circumstances of Her Sister's Murder and Her Conversations with the Police," could not be defined with particularity and was not socially distinct. Moreover, Petitioner has not explained how the incidents she described were motivated by her membership in the purported PSG, rather than reflecting generalized gang violence or motivation based on a personal dispute.

2. "Because the asylum standard is more lenient than withholding of removal's 'clear probability' standard, failing to establish eligibility for asylum forecloses eligibility for withholding of removal." *Hussain v. Rosen*, 985 F.3d

634, 646 (9th Cir. 2021). The agency's denial of Caceres-De Pineda's application for withholding of removal was therefore supported by substantial evidence.

3. Finally, substantial evidence supports the agency's determination that the Petitioner failed to establish it was "more likely than not that … she would be tortured if removed" to El Salvador. 8 C.F.R. § 1208.16(c)(2). The agency concluded that Caceres-De Pineda had waived her argument based on past torture, and there was no clear factual or legal error in the IJ's decision that the Petitioner did not establish a particularized risk of future torture or establish that the alleged harm would occur with government acquiescence. Caceres-De Pineda conceded she had not been harmed during the four incidents she described. Furthermore, rather than having cast a blind eye or facilitated the incidents, it appears the government did intervene: the police's round-up of gang members was correlated with the disappearance of the man who had threatened Caceres-De Pineda's daughter, and police investigated her sister's murder but had to release the two suspects due to lack of proof. She did not seek the assistance of police regarding the other incidents. Caceres-De Pineda averred generalized risks of violence in El Salvador, but she did not establish a likelihood that she faces a particularized risk of torture if she is removed. Petitioner "points to no record evidence that would compel a different finding" from the one the BIA adopted. *Antonyan v. Holder*, 642 F.3d 1250, 1257 (9th Cir. 2011).

The petition is **DENIED**.  The order staying removal will be vacated upon issuance of the mandate.